NO. 07-06-0128-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 17, 2007

_____

TOMAS RAMIREZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,565-B; HON. JOHN BOARD, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

Tomas Ramirez was convicted of the sexual assault of his adult daughter. In challenging that conviction, he contends the evidence is legally and factually insufficient to sustain the conviction due to his suffering from dementia which caused him to believe he was having sex with his deceased wife. We overrule the issue and affirm the judgment.

The standards by which we review the legal and factual sufficiency of the evidence are set forth in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006). We refer the parties to those cases.

To convict appellant of sexual assault, the State was required to prove appellant intentionally or knowingly caused the penetration of the sexual organ of his daughter without her consent. TEX. PEN. CODE ANN. §22.011(a)(1)(A) (Vernon Supp. 2006). The evidence shows that prior to the alleged assault, appellant and his adult daughter began drinking beer around 8:00 p.m. the previous evening and continued drinking until sometime around 4:00 a.m. the next day. The victim was put to bed by her husband but she awoke later to find her father attempting to penetrate her with his penis. Appellant does not contend on appeal that he did not penetrate his daughter but rather he contends that he suffered from dementia which caused him to believe that his daughter was his wife (who had been deceased for a number of years) and thereby the required *mens rea* was absent.

After reading the record, we find no evidence either medical or otherwise that appellant had ever suffered from or was suffering from dementia at the time of the alleged assault. Furthermore, the victim's husband testified that when he put the victim to bed, appellant kept asking for her. The complainant also testified that when she awoke and realized that appellant was atop her, she asked him if he knew who she was and he said "yes." When she asked him to identify her, he replied with the victim's name. Further, 1) the complainant attempted to push her father off of her and suffered abrasions in the process, 2) appellant did not cease his efforts to penetrate her until she told him her husband had arrived home, 3) after the incident, appellant came to the door of the

2

bedroom in which the complainant had locked herself, and spoke to her as "mija," (or daughter), and apologized, and 4) appellant told a police officer that nothing had happened and he was just playing around.

This evidence, if believed by the jury, was sufficient to allow a rational trier of fact to find appellant guilty beyond a reasonable doubt. Although there was evidence that during the assault appellant said the words, "mommy, mommy," that evidence is not so overwhelmingly unfavorable to the verdict as to render it invalid. Indeed we were cited to no evidence revealing that appellant called his deceased wife "mommy." The verdict is supported by both legally and factually sufficient evidence.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.